ACCEPTED
04-14-00898-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
7/20/2015 9:10:35 AM
KEITH HOTTLE
CLERK

NO. 04-14-00898-CV

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

7/20/2015 9:10:35 AM

KEITH E. HOTTLE
Clerk

## IN THE COURT OF APPEALS
## FOURTH COURT OF APPEALS DISTRICT
## SAN ANTONIO, TEXAS

## IN THE ESTATE OF RAMIRO AGUILAR, JR., DECEASED

## APPEAL FROM PROBATE COURT NO. 2
## BEXAR COUNTY, TEXAS

## APPELLEE'S BRIEF

Laura A. Cavaretta
State Bar No. 04022820
William E. Leighner
State Bar No. 24027441
CAVARETTA, KATONA &
LEIGHNER, PLLC
One Riverwalk Place
700 N. St. Mary's Street, Suite 1500
San Antonio, Texas 78205
Phone: (210) 588-2901
Fax: (210) 588-2908
cavarettal@ckl-lawyers.com
leighnerw@ckl-lawyers.com

## ORAL ARGUMENT REQUESTED

# INDEX

Identities of Parties and Counsel ..................................................................... ii

Table of Authorities ....................................................................................... iv

Statement of the Case ...................................................................................... 1

Issues Presented .............................................................................................. 2

## ISSUES PRESENTED

1. **The statutory probate court had jurisdiction to conduct an evidentiary hearing on sanctions after remand by this Court and to enter Orders it deems appropriate** .................................................................................. 13

2. **The trial court's award of sanctions is supported by the law, the facts and the record before this Court and therefore did not constitute an abuse of discretion** ................................................................................... 16

3. **The trial court properly admitted and considered evidence of attorney's fees incurred by Margaret Morales** ............................................................ 27

Statement of Facts ........................................................................................... 3

Summary of the Argument ............................................................................... 11

Argument and Authorities ............................................................................... 13

Conclusion ...................................................................................................... 29

Prayer .............................................................................................................. 30

Certificate of Compliance. .............................................................................. 30

Certificate of Service ....................................................................................... 31

Appendix
    Order in No. 04-13-00038-CV ................................................................... A

## IDENTITY OF PARTIES AND COUNSEL

In order that the members of the Court may determine whether they are disqualified to serve or should recuse themselves, Defendant/Appellee certifies, pursuant to TEX. R. APP. P. 38.1 that the following is a complete list of names of all parties to the trial court's final judgment and their counsel:

A. APPELLANT:

Anthony C. Aguilar     *pro se*
11405 North Loop
El Paso, Texas 79927
Telephone: (915) 858-0225
Facsimile: (915) 858-5051
tonyaguilar@yahoo.com

B. APPELLEE:
Appellee is Margaret Anne Morales, Individually and as Independent Executor of the Estate of Ramiro Aguilar.

Attorneys for Appellee:

| | |
|---|---|
| Laura A. Cavaretta | Appellate counsel for Margaret Anne Morales, Individually |
| William E. Leighner | Trial counsel for Margaret Anne Morales, Individually |

CAVARETTA, KATONA & LEIGHNER, PLLC
700 N. St. Mary's Street, Suite 1500
San Antonio, Texas 78205
Telephone: (210) 588-2901
Facsimile: (210) 588-2908
Cavarettal@ckl-lawyers.com
Leighnerw@ckl-lawyers.com

C. INTERESTED PARTY:
Margaret Morales, as Independent Executor of the Estate of Ramiro Aguilar, Jr.

Attorney for Margaret Morales
as Independent Executor of the
Estate of Ramiro Aguilar, Jr,

Arthur H. Bayern

Trial and appellate counsel for Margaret
Anne Morales, as Independent Executor
Of the Estate of Ramiro Aguilar, Jr.

LANGLEY & BANACK, INC.
745 E. Mulberry, Suite 900
San Antonio, Texas 78212
Telephone: (210) 731-8300
Facsimile: (210) 735-6889
Abayern@langleybanack.com

# TABLE OF AUTHORITIES

**Cases**

*Alanis v. Valdespino,*
2012 WL 1865498 (Tex. App.--San Antonio 2012, no pet.) ................................. 13

*Briscoe v. Goodmark Corp.,*
102 S.W.3d 714 (Tex. 2003) ................................................................. 18

*Daniel v. Kelly Oil Corp.,*
981 S.W.2d 230 (Tex. App.--Houston [1st Dist] 1998, pet. denied) ....................... 23

*Frazier v. Wynn,*
472 S.W.2d 750 (Tex. 1971) ................................................................. 21

*Green v. Young,*
174 S.W.3d 291 (Tex. App.--Houston [1st Dist.] 2005, pet. denied) ..................... 13

*Howell v. Texas Workers Comp. Comm'n,*
143 S.W.3d 416 (Tex. App.--Austin 2004, pet denied) ..................................... 22

*In re Estate of Aguilar,*
2014 WL 667516 (Tex. App.--San Antonio 2014, pet. denied) 2,3,5,7,8,14,15,17,18,26

*In re Anthony C. Aguilar,*
2014 WL 4501435 (Tex. App.--San Antonio 2013, original proceeding) ............... 4

*Lopez-Franco v. Hernandez,*
351 S.W.3d 387 (Tex. App.--El Paso, pet. denied) ...................................... 20

*Low v. Henry,*
221 S.W.3d 609 (Tex. 2007) ................................................................. 22

*Mantri v. Bergman,*
153 S.W.3d 715 (Tex. App.--Dallas 2005, pet. denied) .................................. 13

*Matter of JBK,*
931 S.W.2d 581 (Tex. App.--El Paso 1996, original proceeding) ....................... 25

*Ragsdale v. Progressive Voters League,*

801 S.W.2d 880 (Tex. 1990) ............................................................. 28

*Solum Engineering, Inc. v. Starich,*
2014 WL 4262175 (Tex. App.--Houston [14th Dist.] 2014, pet. denied) .............. 14

*Spohn Hospital v Mayer,*
104 S.W.3d 878 (Tex. 2003) ............................................................. 23

*Thompson v City of Corsicana Housing Authority,*
57 S.W.3d 547 (Tex. App.--Waco 2001, no pet.) ......................................... 24

*Transamerican Natural Gas Corp. v Powell,*
811 S.W.2d 913 (Tex. 1991) ............................................................. 23

## Statutes

TEX. CIV. PRAC. & REM. CODE ANN. §10.001 (West) ...................................... 22

TEX. EST. CODE ANN. §32.001(a) (West) ............................................... 15

TEX. EST. CODE ANN. §351.151(b)(West) ............................................... 20

## Rules

TEX. R. DISCIPLINARY P. 1.06(Q)(1) ................................................... 25

TEX. R. CIV. P. 2 ................................................................... 21

TEX. R. CIV. P. 13 .................................................................. 22

NO. 04-14-000898-CV

IN THE COURT OF APPEALS
FOURTH COURT OF APPEALS DISTRICT
SAN ANTONIO, TEXAS

IN THE ESTATE OF RAMIRO AGUILAR, JR., DECEASED

APPEAL FROM PROBATE COURT NO. 2
BEXAR COUNTY, TEXAS

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

Now comes Margaret Anne Morales, Individually, Appellee in the above-referenced cause, and files this her Appellee's Brief as follows:

## STATEMENT OF THE CASE

This is an appeal from an Order Granting Monetary Sanctions against Anthony Aguilar arising out of actions he took to secure and conceal a default judgment and attempt to conduct discovery in a lawsuit filed in an El Paso County District Court [hereinafter the "El Paso lawsuit"] which had been transferred to Probate Court No. 2 in Bexar County by Judge Tom Rickhoff prior to entry of the default judgment.(RR 12/11/14 p. 13, 16, Exhibits 2-6; CR 720) The Sanctions Order at issue was entered on January 12, 2015, after an evidentiary hearing held by Judge Gladys Burwell on December 11, 2014. (CR720) The hearing was conducted after this Court affirmed the Probate Court's transfer and dismissal of

1

the El Paso lawsuit, but reversed and remanded the sanctions imposed for actions surrounding the filing of the El Paso lawsuit and securing the default judgment. *In re Estate of Aguilar,* 2014 WL 667516 at * 1 (Tex. App.--San Antonio 2014, pet. denied). This Court held that the Probate Court had jurisdiction to transfer to itself, and to subsequently dismiss, the El Paso lawsuit. *Id.* This Court also affirmed sanctions imposed on Aguilar for filing another lawsuit against his sister and her family in the County Court at Law in El Paso. *Id.*

Aguilar filed his Notice of Appeal on January 22, 2014.(CR 723) The Reporter's Records were filed on January 7, 2015 and on March 2, 2015. The Clerk's Record was filed on January 15, 2015 and a Supplemental Clerk's Record was filed on January 14, 2015. After an extension of time was granted, Appellant's Brief was filed on May 5, 2015. In this appeal, Aguilar complains that the trial court lacked jurisdiction to award sanctions; that the trial court abused its discretion in awarding sanctions; and that the trial court erroneously admitted and considered evidence establishing Morales' counsel's attorney's fees.

## ISSUES PRESENTED

1. **The statutory probate court had jurisdiction to conduct an evidentiary hearing on sanctions after remand by this Court and to enter Orders it deems appropriate.**

2. **The trial court's award of sanctions is supported by the law, the facts and the record before this Court and therefore did not constitute an abuse of discretion.**

2

**3. The trial court properly admitted and considered evidence of attorney's fees incurred by Margaret Morales.**

## STATEMENT OF FACTS

This probate matter has been the subject of multiple appeals and original proceedings before this Court. At issue in this appeal is an order imposing sanctions against Appellant, entered after appeal and remand by this Court for an evidentiary hearing on the sanctions issue. *In re Estate of Aguilar,* 2014 WL 667516 at * 1 (Tex. App.--San Antonio 2014, pet. denied). Appellant, Anthony Aguilar, is a licensed attorney but was prohibited from serving as representative of his father's estate because of a prior felony conviction.(RR 10/31/12 p. 38) On August 31, 2012, acting as attorney for his sister, Appellee, Margaret Morales, Aguilar filed an Application to Probate Will and for Issuance of Letters Testamentary in Probate Court No. 2 of Bexar County seeking to Probate his father's last will and testament and to have Morales appointed as Executor of the Estate of Ramiro Aguilar, Jr. (CR 08) The Motion asserted that Morales was not disqualified by law from serving as Executor and that the court had jurisdiction over the matter.(CR 9) Aguilar signed the Motion as "attorney for applicant."(CR 10)

After Aguilar filed the Motion, Morales retained Art Bayern as counsel for the Estate and notified her brother of this fact on September 14, 2012.(RR 12/11/14 p. 28; CR 33) An Order Admitting Will to Probate and Authorizing Issuance of

3

Letters Testamentary to Morales was signed on September 17, 2012.(CR 16) Morales' new attorney filed an Appearance of Counsel on September 18, 2013.(CR 17) On September 19, 2012, Aguilar, purporting to act "as Representative of the Estate of Ramiro Aguilar, Jr." sued his client, Margaret Anne Morales, in Cause No. 2912-DCV-05856, in the 327th District Court in El Paso County for alleged malfeasance and fraud in carrying out her duties under a Durable Power of Attorney and for "wasting" the Estate's assets.(CR 65, 96; RR 12/11/14 p. 23-25)[1] Pursuant to §5B of the Probate Code, on October 5, 2012, Morales filed a Motion to Transfer the El Paso lawsuit to Probate Court No. 2. (CR 19) Aguilar filed an Objection to Motion to Transfer in which he concedes he was provided with a copy of the Motion and it is clear from the record that he received the Motion and notice of the hearing.(CR 19, 30; RR 12/5/12 p. 48; RR 12/11/14 p. 31, 35)

Aguilar did not appear at the October 10, 2012 hearing on the Motion to Transfer and Judge Rickhoff noted that Aguilar's "pleadings indicate that he represents the estate, which of course, he does not."(RR 12/5/12 p 3) The 5B Motion was granted and the El Paso lawsuit was ordered transferred to Probate Court No. 2 "for all further proceedings."(CR 31) A copy of the Order Transferring Cause to Probate Court No. 2 was provided both to Aguilar and to the El Paso

---

[1] Tony Aguilar has been disqualified from acting as attorney in any of the proceedings before Probate Court No. 2 because of his prior representation of Margaret Morales and the fact that he has now filed suit against her and has made claims against his former client in a substantially related matter. The disqualification was affirmed by this Court in *In re Anthony C. Aguilar,* 2013 WL 4501435, at *4 (Tex. App.--San Antonio 2013, original proceeding)

District Clerk's Office and were received by the Clerk's Office on October 12, 2012.(CR 78-82)[2] On October 12, 2012, Morales filed an Original Answer, Verified Denial and Plea to the Jurisdiction in Probate Court No. 2 responding to the allegations in the El Paso lawsuit which had been transferred to Bexar County.(CR 40) This Answer was received by Aguilar on October 12, 2012. (CR 105, 106; RR12/5/12 p. 31) On October 18, 2012, Aguilar filed, in Probate Court No. 2, a Motion to Remove Margaret Morales as Executor and asserted the same claims against her as were asserted in the El Paso lawsuit.(CR 71)

On October 29, 2012, in the El Paso lawsuit, Aguilar took a Default Judgment in excess of $3 million against Morales. (CR 107) The Default Judgment was taken two days before Aguilar appeared in Probate Court No. 2 for an October 31, 2012 hearing on a Motion to Show Authority.(RR 10/31/12) At the October 31 hearing, he admitted that he was aware of the fact that the 5B Motion had been filed and confirmed that he had filed an Objection to the Transfer.(RR 10/31/12 p.6-7) He asked that the October 10 Transfer Order be "rescinded."(RR 10/31/12 p. 6)

During the October hearing on the Motion to Show Authority, there was a discussion about the allegations contained in the Original Petition filed in the El

---

[2] As stated by this Court in *In re Estate of Aguilar*, 2014 WL 667516 at *1 (Tex. App.--San Antonio 2014, pet. denied) "the record reflects Morales mailed a copy of the section 34.001 transfer order to the El Paso District Court Civil Division, and the order was received by the 327[th] District Court on October 12, 2012."

Paso Lawsuit and the fact that he purported to file suit as "Representative of the Estate of Ramiro Aguilar Jr." and yet also acknowledged in the Petition that Morales had been appointed Independent Executor of the Estate.(RR 10/31/12 p. 29-31) At no time during the October 31 hearing did Aguilar notify Judge Rickhoff or opposing counsel that he had taken a Default Judgment against Morales in El Paso.(RR 10/31/12)

He acknowledged that he failed to notify Judge Rickhoff that he had taken a default judgment in El Paso, at the December 5, 2014 sanctions hearing, in response to specific questions by Judge Burwell. (RR 12/11/14 p. 89-90) He further acknowledged that, when he learned that the transfer order had been entered before he obtained the default judgment, he did not notify Judge Chew in El Paso, of this fact.(RR 12/11/14 p. 87, 89-90) Comments made by Judge Chew wherein she expressed concerns about whether she had jurisdiction over the matter, and repeatedly asked about the status of the case pending in Probate Court No. 2 indicate that she probably would have set aside the default judgment had she been notified that the transfer order had been signed before she signed the default judgment.(RR 12/11/14 Exhibit A1 p. 9, 13, 14, 19)

Morales filed a Motion to Set Aside Default Judgment and Motion for Sanctions asserting that, prior to entry of the Default Judgment, the case had been transferred to Bexar County; that Morales had filed an Answer and was not in

6

default; that both the trial court and Aguilar were on notice of the 5B Transfer Order and that the El Paso District Court lacked jurisdiction to enter the Default Judgment.(CR 96) Judge Rickhoff reviewed documentation establishing that, on October 12, 2012, the El Paso District Clerk's office file-stamped Morales' counsel's letter and the Transfer Order and both documents were placed on the docket sheet. (RR 12/5/12 p. 16, 30; CR 102, 103)[3] It was further established that Morales' Original Answer, Verified Denial and Plea to the Jurisdiction was received by Aguilar on October 12, 2012.(CR 106; RR 12/5/12 p. 31, 34) Judge Rickhoff further considered the fact that Aguilar did not notify anyone about the Default Judgment he had taken three days before he appeared for a hearing on October 31, 2012.(RR 10/31/12 p. 12-14)

Because the Default Judgment was entered after the 5B Transfer Order was signed, thereby depriving the El Paso Court of jurisdiction over the matter; and because an Answer had been filed and served on Aguilar prior to entry of the Default Judgment; Judge Rickhoff set aside the Default Judgment.(CR 399) Judge Rickhoff found that Tony Aguilar lacked the necessary standing to sue on behalf of the Estate of Ramiro Aguilar, Jr. (CR 399) Judge Rickhoff also recognized that the claims asserted in the El Paso lawsuit were the same allegations asserted in the

---

[3] This Court has taken judicial notice of the fact that the docket sheet in El Paso reflects that the 327th District Court received the probate court's transfer order on October 12, 2012 but did not formally act on it. *In re Estate of Aguilar*, 2014 WL 667516 at * 1, Footnote 4 (Tex. App.--San Antonio 2014, pet. denied).

7

Motion to Remove Margaret Morales as Executrix and therefore, dismissed the claims filed in the El Paso lawsuit.(CR 401) These findings and rulings have all been affirmed by this Court in *In re Estate of Aguilar*, 2014 WL 667516 (Tex. App.--San Antonio 2014, pet. denied). In connection with that appeal, this Court also granted, in part, a Motion to Strike and entered an order striking all of the arguments made by Aguilar on behalf of the Estate because he had no authority to represent the Estate. *Id.* at *2, Footnote 8. (Appendix A)

In addition to setting aside the Default Judgment and dismissing the claims asserted therein, Judge Rickhoff also ordered Aguilar to pay Morales' attorney's fees incurred in connection with setting aside the Default Judgment.(CR 401) Aguilar appealed these rulings in Cause No. 04-13-00038-CV and, as noted above, this Court affirmed the transfer and dismissal of the El Paso lawsuit, but held that the sanctions imposed for Aguilar's conduct in filing the lawsuit, and in seeking and concealing the default judgment were improper because Judge Rickhoff failed to hold an evidentiary hearing prior to awarding sanctions. *Id* at *8. For this reason, the matter was remanded to the trial court "for further proceedings consistent with this court's opinion." *Id.* at *9.

On December 11, 2014, Judge Burwell conducted an evidentiary hearing on the sanctions issue which had been remanded, and on Aguilar's Plea to the Jurisdiction. (RR 12/11/14) The Plea to the Jurisdiction was denied.(RR 12/11/14

8

p. 11; CR 717) At the hearing, Judge Burwell heard testimony from Aguilar and from William Leighner, trial counsel for Appellee; she reviewed this Court's opinion in Cause No. 04-13-00425-CV; and she considered and admitted evidence of attorney's fees incurred to set aside the default judgment, obtain dismissal of the default judgment and protect that dismissal on appeal and quash discovery sought in connection with the El Paso lawsuit.(RR 12/11/14) After considering the evidence, Judge Burwell found that Aguilar lacked necessary standing to sue or take any action on behalf of the Estate of Ramiro Aguilar, Jr.; that he filed an Application to Probate the Will and for Issuance of Letters Testamentary in the probate court seeking to have Margaret Morales appointed as Independent Executor; that he was aware of the appointment and qualification of his client; that he knowingly and intentionally misrepresented himself to be Representative of the Estate of Ramiro Aguilar Jr.; that in that improper capacity, he issued four deposition notices seeking to obtain personal and financial information regarding Morales and the Estate of Ramiro Aguilar, Jr. by misrepresenting himself as being the Personal Representative of the estate; and that he wrongfully and intentionally pursued and obtained a fictitious Default Judgment in the El Paso court.(CR 721)

Judge Burwell further found that Aguilar had no basis in law or in fact to support the filing of the El Paso lawsuit; that the act of obtaining a Default Judgment was a gross and intentional misrepresentation to the El Paso court; that it

9

was done with the intent to harass Morales; that Morales incurred costs and attorney's fees in the amount of $34,005.91 and therefore she imposed sanctions in this amount against Aguilar.(CR 721)

Aguilar now appeals this Order, complaining that the trial court lacked jurisdiction to hear the sanctions matter or to issue the sanctions order; that the trial court abused its discretion in awarding sanctions and that the trial court erred in admitting any evidence, much less evidence of attorney's fees, to support the sanctions award. Aguilar's Brief contains multiple references to evidence which was offered, but not admitted at the hearing because objections to that evidence were sustained. For example, he refers to Exhibit 2 and Exhibit A-2 on pages 3 and 5 of his Brief. The reporter's record shows Judge Burwell sustained objections to these exhibits and they were not admitted.(RR 12/11/14 p. 37, 45) He also relies on testimony to which the trial court sustained objections. (P 3 Appellant's Brief, reference to 12/11/14 Reporter's record p. 79-80; Objection sustained p. 80 line 9-19).

In addition to his reliance on evidence not considered by Judge Burwell, Aguilar's recitation of the facts leaves out the important detail that, acting as Morales' attorney, he prepared and filed a Motion seeking to have her appointed as Independent Executor, yet he makes much of the fact that he and his family "knew" she was stealing money from their parents before he filed this Motion.

Aguilar also relies on self-serving statements contained in pleadings filed in the Probate Court as "evidence" of what he knew and as evidence of Morales' conduct.(Appellant's Brief, p. 11-15; relying on allegations contained in Supplement to Response to Motion for Sanctions at CR 469-477) Appellee objects to any and all reliance by Aguilar on testimony and documents not admitted into evidence or which are essentially unsupported factual allegations contained in pleadings, and asks that this Court not consider or rely on this evidence.

Appellee would show the Court that the trial court had jurisdiction to consider the sanctions issue and to enter the order; that jurisdiction was not lost because the Plea to the Jurisdiction was denied; that the evidence considered was properly admitted and that the trial court's order should be affirmed in all respects.

## SUMMARY OF THE ARGUMENT

Anthony Aguilar wanted to control the administration of his father's estate by acting as the attorney and having his sister serve as Independent Executor. He filed an application for probate in Probate Court No. 2 of Bexar County and asserted she was not disqualified from serving as Executor, despite later acknowledging that he filed the motion with knowledge that she had allegedly "stolen" from her parents while they were alive. Morales foiled his plans when she retained experienced probate counsel in San Antonio. After she was named Executor and was issued Letters Testamentary, Aguilar filed suit against his former

11

client in the El Paso lawsuit and filed a Motion in Probate Court seeking to remove her as Executor in the Probate Court, asserting that she had stolen money from her parents during their lifetime. These allegations, if true, would have disqualified her from serving as Independent Executor of her father's estate, yet Aguilar signed the Motion seeking to have her appointed as Executor and averred that she was not disqualified from serving.

In filing the El Paso lawsuit, Aguilar misrepresented himself as having the authority to act on behalf of the Estate of Ramiro Aguilar, Jr. when he knew his sister had been appointed Independent Executor. He misrepresented himself as authorized to act on behalf of the Estate and attempted to take depositions of third parties and sought to obtain his sister's personal financial information and financial information from the Estate. He took a default judgment against her in excess of $3 million dollars despite having received and responded to a 5B Motion to Transfer and despite having received the Answer she filed in Probate Court No. 2. He took the default solely for the purpose of getting Morales' attention and forcing her produce documents and to work out an agreement to settle their disputes. He appeared in Probate Court days after taking the default and did not notify the trial court or Morales' counsel that he had taken the default. When he became aware of the fact that the Transfer Order had been entered before he took the default, he did not notify the El Paso court of this fact. The trial court's award of sanctions is

12

proper, is supported by the record and should not be set aside in this appeal.

## ARGUMENT AND AUTHORITIES

**1.    The statutory probate court had jurisdiction to conduct an evidentiary hearing on sanctions after remand by this Court and to enter Orders it deems appropriate.**

Aguilar asserts that the trial court lacked jurisdiction to issue a sanction order because the conduct complained of occurred in the 327th District Court in El Paso and therefore, jurisdiction to impose sanctions for this conduct is vested solely in the El Paso court. He relies on three cases to support this argument, each of which are distinguishable. *Mantri v. Bergman,* 153 S.W.3d 715 (Tex. App.-- Dallas 2005, pet. denied) involved an attempt to seek sanctions by filing suit in another county asserting as the sole cause of action, a violation of Chapter 10 of the Civil Practice and Remedies Code. The Dallas Court of Appeals held that Chapter 10 does not authorize or create a separate cause of action. *Id.* at 717. Instead, the Court held the only court with jurisdiction over a request for sanctions "is the court where the allegedly frivolous litigation was pending." *Id.* at 718. The same result was reached in *Alanis v. Valdespino,* 2012 WL 1865498, *5 (Tex. App.--San Antonio 2012, no pet.)(claim that a pleading is groundless cannot be asserted as a separate cause of action in a different lawsuit). In *Green v. Young,* 174 S.W.3d 291, 297 (Tex. App.--Houston [1[st] Dist.] 2005, pet. denied) the trial court recognized that it did not have jurisdiction to issue sanctions against an

attorney who filed "false" statements in a bankruptcy court.

In the instant case, the frivolous litigation, while initially filed in El Paso, was *transferred* to Probate Court No. 2 in Bexar County and subsequently dismissed.(CR 38, 399) This Court affirmed the transfer and the dismissal, and held that the Default Judgment entered in the 327th District Court was *void* because it was entered after the matter had been transferred to Probate Court No. 2 in Bexar County. *In re Estate of Aguilar*, 2014 WL 667516, *3-4 (Tex. App.--San Antonio 2014, pet. denied). Clearly, Probate Court No. 2 is the court "where the allegedly frivolous litigation was pending," and the matter before the court is administration of the Estate, which is not a separate lawsuit or a separate cause of action. *Id.* at *4 (holding "the true purpose of the 327[th] District Court case was to recover damages to Ramiro's estate") No separate lawsuit or separate claim was filed, and therefore the cases cited by Aguilar do not apply.

In addition, this Court specifically remanded the case back to the trial court so that a hearing on the sanctions issue could be held. *Id.* at *8. The trial court's jurisdiction over the sanctions issue is supported by *Solum Engineering, Inc. v. Starich*, 2014 WL 4262175 (Tex. App.--Houston [14[th] Dist.] 2014, pet. denied) in which sanctions imposed for filing a frivolous lawsuit were upheld despite the fact that the sanctions were imposed by a court to which the frivolous lawsuit had been transferred.

14

Finally, this is not the first time that Aguilar has challenged the Probate Court's jurisdiction to enter a sanctions order. In *In re Estate of Aguilar,* 2014 WL 667516, *5 (Tex. App.--San Antonio 2014, pet. denied) this court specifically held that "the trial court's jurisdiction over the 327th District Court case, a claim brought on behalf of the estate as its alleged personal representative, is grounded in the probate court's general jurisdiction over matters relating to Ramiro's estate, which was pending in the probate court." *citing* TEX. EST. CODE ANN. §32.001(a) (West). Because the claim is "by definition, a matter related to a probate proceeding," this Court concluded "the probate court had jurisdiction under section 32.001 to enter orders related to the 327th District Court case, *including the sanction orders,* because it was a matter relating to Ramiro's estate." *Id.* (emphasis added).

Because the El Paso court never had jurisdiction over the matter in the first place; because the matter was properly transferred out of the El Paso court; because the Probate Court had exclusive jurisdiction over claims against the Estate; and because this Court has already so held, the Probate Court had jurisdiction to consider and impose sanctions for Aguilar's conduct in filing the lawsuit, seeking and obtaining a default judgment and his subsequent conduct in failing to fully advise both courts of pertinent facts which would have influenced their rulings.

Aguilar also asserts that the trial court lost jurisdiction to enter the sanction order when it granted his Plea to the Jurisdiction.(Appellant's Brief, p. 49) He also

15

argues that "there was never a hearing on the Plea to the Jurisdiction." (Appellant's Brief, p. 50) The Order confirms a hearing was held on December 11, 2014.(CR 717) It is clear from the record before this Court that the Plea to the Jurisdiction was heard and denied.(RR 12/11/14 p. 9-11) At the hearing, Judge Burwell specifically advised that the Plea was overruled.(RR 12/11/14 p. 11) Further, an Order Denying Plea to the Jurisdiction was signed on December 12, 2014.(CR 717) Aguilar's complaints in this regard are contradictory and frivolous, at best. Aguilar's complaints about jurisdiction should be overruled.

2. **The trial court's award of sanctions is supported by the law, the facts and the record before this Court and therefore did not constitute an abuse of discretion.**

Aguilar complains that the trial court's sanction order should be set aside because the trial court had already imposed death penalty sanctions by dismissing the transferred case; because the conduct which is the basis of the sanctions does not justify the sanctions; because the trial court did not offer a reasonable explanation as to the appropriateness of the death penalty sanction or the monetary sanction; that the trial court should not have "relied on" the finding that the 327th District Court lacked jurisdiction to enter the default judgment; that the trial court should not have "relied upon" the finding that the filing of the El Paso lawsuit was a gross and intentional misrepresentation; and that the trial court should not have "relied on" his representing himself as representative of the estate when he issued

16

deposition notices. Each of these arguments fail for the reasons set forth below.

**Death penalty sanctions**

Aguilar improperly characterizes Judge Rickhoff's dismissal of the El Paso lawsuit as a "death penalty" sanction. It is clear from the Order Setting Aside Default Judgment; Order of Dismissal and Order Granting Sanctions that the dismissal of the El Paso lawsuit was done, not as a sanction, but instead as the result of a finding by the trial court, that the default judgment was entered after the transfer order was signed; that the transfer deprived the El Paso court of jurisdiction to enter the default judgment, thereby rendering that judgment void. (CR 399) These findings and the dismissal were affirmed in their entirety by this Court in *In re Estate of Aguilar,* 2014 WL 667516, *5-6 (Tex. App.--San Antonio 2014, pet. denied).

The only sanctions awarded were monetary. This Court remanded the issue sanctions back to the trial court for an evidentiary hearing and Judge Burwell imposed only monetary sanctions against Aguilar. For this reason, the trial court need not have offered a reasonable explanation as to the appropriateness of death penalty sanctions. In addition, there can be no finding that Judge Burwell abused her discretion in awarding death penalty sanctions because the El Paso lawsuit had already been dismissed and the dismissal affirmed before she conducted the hearing on sanctions. Nor can it be said that the imposition of death penalty

17

sanctions prevents the imposition of lesser sanctions, because no death penalty sanctions were issued.

**"Reliance on" jurisdictional finding**

Aguilar asserts that Judge Burwell abused her discretion in "relying on the finding the 327[th] District Court lacked jurisdiction to enter the Default Judgment." Aguilar appears to re-assert an issue which has already been decided by this Court and is now the law of the case. In *In re Estate of Aguilar*, 2014 WL 667516 (Tex. App.--San Antonio 2014, pet. denied), Aguilar argued that the probate court had no jurisdiction to transfer the claim or to dismiss the claim. This Court rejected his arguments and held that the El Paso court did not have jurisdiction to enter the default judgment because jurisdiction over the matter had already been transferred to Probate Court No. 2. *Id.* at *4. The "law of the case" doctrine provides that questions of law decided on appeal to a court of last resort govern the case throughout its subsequent stages. *Briscoe v. Goodmark Corp.*, 102 S.W.3d 714, 716 (Tex. 2003). Under this doctrine, Judge Burwell was required to accept and rely on the finding that the El Paso court lacked jurisdiction to enter the default judgment.

**"Reliance on" Aguilar representing himself as representative of the estate.**

Aguilar incorrectly asserts that Judge Burwell "relied on" the fact that he purported to act on behalf of the estate when he issued deposition notices. These

18

assertions are without merit. Aguilar's Original Petition is styled "Tony Aguilar, as representative of the estate of Ramiro Aguilar, Jr. vs. Margaret Morales."(CR22) The Petition begins with "Comes now, Tony Aguilar as representative of the Estate of Ramiro Aguilar, Jr."(CR 22) Aguilar signed the pleading as "Attorney for the Estate of Ramiro Aguilar, Jr."(CR 36) Two days before the petition was filed, Morales was appointed as Independent Administrator.(CR 22, 16) One day before the petition was filed, Art Bayern entered an appearance as counsel for Morales in her capacity as Independent Executor of the Estate of Ramiro Aguilar, Jr.(CR 17)

Judge Burwell was aware of these pleadings and she heard testimony establishing that Aguilar had never been appointed by a court of competent jurisdiction to be the representative of the Estate of Ramiro Aguilar, Jr. and that he knew Morales had been appointed as the Independent Executor.(RR 12/11/14 p. 20) Documents were admitted into evidence establishing that Aguilar issued deposition notices in the El Paso lawsuit in connection with his claims against Morales. (RR 12/11/14 p. 43-44; Exhibits 2-6) One of the deposition notices was issued on December 29, 2012, several months after the Transfer Order was signed and long after October 31, 2012 hearing at which the entry of the Transfer Order was discussed. (RR 12/11/12 Exhibit 2) After hearing that evidence, Judge Burwell admonished Aguilar as follows: "You are not a representative of the estate and you cannot be a representative of the estate."(RR 12/11/14 p. 66) She further noted that

Aguilar's "biggest problem" was that he had been "filing everything that I've seen, at least as far as subpoenas, and depo notices, as the representative of the estate" and advised him "you can't do it as representative of the estate."(RR 12/11/14 p. 67)Her conclusions were appropriate and supported by the evidence presented at the hearing.

Aguilar further argues that he was not precluded from acting on behalf of the estate to pursue a claim against Morales because he is a "person interested in the estate." In his argument to Judge Burwell, he relied on §233(a) of the Probate Code and *Lopez-Franco v. Hernandez,* 351 S.W.3d 387 (Tex. App.--El Paso 2011, pet. denied) to support his argument that he could file suit as representative of the estate.(RR 21/11/14 p. 25-27, 82) In *Lopez-Franco,* the reason the El Paso Court of Appeals held that Hernandez could seek relief as representative of the estate was because no administration of the estate was necessary, nor had one been taken out. *Id.* at 390, 391. Further, §233(a) of the Probate Code (now §351.151 of the Estates Code) simply authorizes an interested person to pursue a claim against a personal representative of the estate or the sureties on the bond, if the "personal representative wilfully neglects to use the ordinary diligence" mandated by the statute (to collect all claims and debts due to the estate and to recover possession of all property belonging to the estate). TEX. EST. CODE ANN. §351.151(b)(West) It does not authorize the "interested person" to file suit "as representative of the

estate." *Id.*

In 1971, the Texas Supreme Court noted "[i]t is settled in Texas that the personal representative of the estate of a decedent is ordinarily the only person entitled to sue for the recovery of property belonging to the estate." *Frazier v. Wynn*, 472 S.W.2d 750, 752 (Tex. 1971). In order to bring suit to recover property on behalf of the Estate, it must be alleged and established that there is no administration pending and none necessary. *Id.* Aguilar neither alleged, nor proved that there was no administration pending or that none was necessary. Contrary to his position in this appeal, the entry of the transfer order was not the operative fact which supports a finding he had no authority to proceed on behalf of the Estate with litigation and with discovery.

His lack of authority to sue on behalf of the Estate was apparent from the moment he learned that Morales had been appointed Independent Executor. The fact that he prepared the pleading requesting that an estate be opened for administration is even more damning. The evidence establishes that Aguilar had no basis in law or in fact to support his representation to the Court in El Paso and to the entities which received his deposition notices, that he was acting in the capacity as Representative of the Estate of Ramiro Aguilar, Jr.

**Monetary sanctions award**

The Texas Rules of Civil Procedure apply to all district, county and probate

21

courts. TEX. R. CIV. P. 2. Rule 13 authorizes the imposition of sanctions for the signing of a pleading that is groundless and brought in bad faith. TEX. R. CIV. P. 13. Rule 13 defines "Groundless" as having no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law. Rule 13 authorizes sanctions for such conduct:

> "If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, after notice and hearing, shall impose an appropriate sanction available under Rule 215 [of the Texas Rules of Civil Procedure] . . . upon the person who signed it, a represented party, or both."

*Id.* (internal footnote omitted). Similarly, Chapter 10 of the Texas Civil Practice and Remedies Code also authorizes sanctions for pleadings that:

a.)     are presented for an improper purpose, including to harass, to cause unnecessary delay or needless increase in the cost of litigation; or

b.)     contain allegations or factual contentions that lack evidentiary support. TEX. CIV. PRAC. & REM. CODE ANN. § 10.001. (West).

The trial court also has inherent powers to award sanctions for improper conduct. *Howell v. Texas Workers Comp. Comm'n*, 143 S.W.3d 416 (Tex. App.--Austin 2004, pet denied). The decision whether to impose sanctions is within the sound discretion of the trial court. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007). An appellate court may reverse the trial court's ruling only if the trial court acted without reference to any guiding rules and principles, such that its ruling was arbitrary or unreasonable. *Id.* To determine if the sanctions were appropriate or

just, the appellate court must ensure there is a direct nexus between the improper conduct and the sanction imposed. *Spohn Hosp. v. Mayer,* 104 S.W.3d 878, 882 (Tex.2003) citing *TransAmerican Natural Gas Corp. v. Powell,* 811 S.W.2d 913, 917 (Tex.1991).

The evidence presented to Judge Burwell clearly supports the sanctions imposed. Judge Burwell was the sole judge of the credibility of the witnesses and her findings cannot be disturbed unless they are arbitrary or unreasonable. *Daniel v. Kelly Oil Corp.,* 981 S.W.2d 230, 232 (Tex. App.--Houston [1st Dist] 1998, pet. denied) (at sanctions hearing, court entitled to judge credibility of the witnesses and the weight of testimony). As noted by the First Court of Appeals, it is rare that the misconduct is admitted. *Id.* at 233. Instead, parties "deny, explain, or minimize their misconduct" yet the trial judge "nonetheless retains his or her fact finding authority and the ability to rule." *Id.*

Judge Burwell found that Aguilar did not have standing to file suit on behalf of the Estate of Ramiro Aguilar, Jr. and that he was aware of the fact that Margaret had been appointed Independent Executor and yet he misrepresented himself as Representative of the Estate of Ramiro Aguilar, Jr. when he filed suit and issued deposition notices.(CR 720) The evidence submitted clearly supports this finding.(RR 12/11/14 p. 20-23,28; Exhibits 2-6) Judge Burwell also found that Aguilar wrongfully and intentionally obtained a default judgment, knowing that the

case had been transferred and that an Answer had been filed in Probate Court No. 2.(CR 721) The evidence also supports this finding.(RR 12/11/14 p. 28-29, 31-36)

An additional finding made by Judge Burwell was that the allegations in the petition had no basis in law or fact and that the subsequent presentment of the Petition to the El Paso court was a gross and intentional misrepresentation done with intent to harass Morales.(CR 721) Judge Burwell listened to Aguilar try to explain the basis of the claims made and heard him admit he had no documents upon which to base his claims, but instead, that he "knew" about Morales' alleged theft, yet he still asked the Probate Court to name her as Independent Executor.(RR 12/11/14 p. 21, 23-24, 46-47, 76, 78, 81) Also in evidence was the reporter's record from the hearing on the default judgment, in which Morales explains his plan to use the default to have her removed as Executor and to force her to provide him with documents.(RR 12/11/14 Exhibit 1A, p. 9-13, 18-19)

Judge Burwell also heard evidence that Aguilar did not notify Judge Rickhoff that he had taken a default judgment and that Aguilar did not notify Judge Chew that the case had been transferred, even after the October 31 hearing.(RR 12/11/14 p, 89-91). Judge Burwell found that Aguilar's conduct caused Morales to incur attorney's fees in the amount of $34,005.91 and she ordered payment of that amount to Morales to reimburse her for those fees.(CR721) The evidence established that Morales' attorney had to file Motions to Quash, had to set aside the

default judgment and take further actions to prevent his client from being harassed by Aguilar's repeated filings and appeals. (RR 12/11/14 p. 33-34, 101-103; Exhibit 7)

Clearly, Judge Burwell was concerned about Aguilar's lack of candor toward the tribunal and his continued filing of claims against Morales in multiple courts and jurisdictions. A trial court must be able to "rely on attorneys as officers of the court to honor their duty of candor to the court." *Thompson v. City of Corsicana Housing Authority,* 57 S.W.3d 547, 558 (Tex. App.--Waco 2001, no pet.) "An attorney's failure to observe this duty constitutes professional misconduct for which sanctions may be imposed." *Id.* citing TEX. R. DISCIPLINARY P. 1.06(Q)(1). Such sanctions "can include payment to the other party of 'reasonable expenses which the filing....' caused him to incur, including reasonable attorney's fees." *Thompson,* 57 S.W. 3d at 558.

Aguilar's conduct is hardly the type of "scrupulous honesty, forthrightness and the highest degree of ethical conduct" upon which the legal system depends. *Matter of JBK,* 931 S.W.2d 581, 582 (Tex. App.--El Paso 1996, original proceeding). In fact, had Judge Chew been told of the 5B Transfer Motion; that the hearing date had come and gone without attendance by Aguilar; and more importantly, that Morales had filed an Answer to the El Paso lawsuit in Probate Court No. 2, Judge Chew likely would not have granted the Default Judgment. The

record before this Court clearly supports Judge Burwell's sanction order of December 12, 2014. The sanctions imposed are tied to the conduct at issue in that she awarded the amount of fees incurred to respond to Aguilar's improper conduct. No abuse of discretion is shown in this case because the sanction was directly related to the offensive conduct and the trial court correctly analyzed the situation and its decision was not arbitrary or unreasonable.

**Sufficiency of the Sanctions Order**

Aguilar also complains that the Sanctions Order is not sufficient because it fails to offer a reasonable explanation as to the appropriateness of the sanctions imposed. In arguing this issue, Aguilar again takes the position that death penalty sanctions had already been imposed when the El Paso lawsuit was dismissed; therefore monetary sanctions could not be imposed. As noted elsewhere in this Brief, the El Paso lawsuit was not dismissed as a sanction. The El Paso lawsuit was properly dismissed because Aguilar had no authority to file suit on behalf of the Estate, as this authority vested in Morales when she was appointed Independent Executor.(CR 1, 16 ) This Court has affirmed the dismissal Order. *In re Estate of Aguilar*, 2014 WL 667516, *5-6 (Tex. App.--San Antonio 2014, pet. denied). Aguilar has never been precluded from obtaining relief from a trial court based on the allegations in the El Paso lawsuit because he made substantially similar claims in his Motion to Remove Margaret Morales as Executrix.(CR 71; RR 12/5/12 p.

26

21, 23) It is clear that, because no death penalty sanctions had been imposed, and because this Court remanded the matter to the trial court for an evidentiary hearing on the sanctions, Judge Burwell's Order properly sets out the reasons for imposition of the sanctions and links that finding to the monetary sanctions imposed.

3. **The trial court properly admitted and considered evidence of attorney's fees incurred by Margaret Morales.**

Aguilar asserts that the trial court should not have admitted evidence at the December 11, 2014 hearing because Morales did not respond to proper discovery requests. He was repeatedly asked by Judge Burwell when he sent discovery requests and what discovery he sought, but he never completely answered the question and he did not introduce evidence of any discovery sent to Morales which was not properly answered or responded to.(RR 12/11/14 p. 1-17) Instead, he relied on the fact that his Original Petition in the El Paso lawsuit contained Requests for Disclosure.(RR 12/11/14 p. 13) Because that lawsuit was concluded by the entry of a void default judgment and eventually dismissed, Morales was under no obligation to respond to the Requests for Disclosure.

Aguilar objected to the admission of William Leighner's Affidavit proving his attorney's fees.(RR 12/11/14 p. 52) Judge Burwell questioned Aguilar about his claim that he was not provided with the document prior to the hearing and established that Aguilar did not request any information about Morales' attorney

fees claim despite the fact that he knew that the Motion for Sanctions was to be heard after remand by this Court.(RR 12/11/14 p. 52) In addition, Mr. Leighner testified he did not provide the documents to Aguilar prior to the hearing because Aguilar never asked for them.(RR 12/11/14 p. 95-96) Because the attorney's fee information had not been requested by Aguilar, Judge Burwell correctly admitted the documents into evidence. Judge Burwell did allow Aguilar time to review the document and to conduct a cross examination.(RR 12/11/14 p. 52, 93-95)

Aguilar did not object to the amount of the attorney's fees nor did he cross examine Leighner on the amount, reasonableness or necessity of the attorney's fees.(RR 12/11/14 p. 93-95) Instead, he pointed out that the Affidavit and attachments included the $2,038.00 incurred with respect to the conduct for which a sanctions award was previously affirmed by this Court.(RR 12/11/14 p. 95, 103) Leighner conceded to the oversight and asked that Judge Burwell subtract the amount of the prior sanctions award from the attorney's fees presented at the hearing.(CR 12/11/15 p. 95) "[W]here the testimony of an interested witness is not contradicted by any other witness, or attendant circumstances, and the same is clear, direct and positive, and free from contradiction, inaccuracies, and circumstances tending to cast suspicion thereon, it is taken as true, as a matter of law." *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 882 (Tex. 1990). The documents introduced in evidence support Judge Burwell's award of

28

attorney's fees in the amount of $35,005.91 and this award should be affirmed.

In any event, it is not an abuse of discretion to admit evidence which was not produced in discovery when there was not any discovery which requested the evidence admitted. Aguilar did not provide Judge Burwell with copies of any discovery which would have required disclosure of the evidence objected to. The deposition notices he issued were repeatedly quashed by Judge Rickhoff and therefore, Morales and the other witnesses had no obligation to comply with them. The record before this Court does not support reversal of the Sanctions order based on improperly admitted or insufficient evidence.

## CONCLUSION

This Court has already determined that the El Paso Court did not have jurisdiction over the matter at the time it entered a default judgment and therefore the default judgment was void. This Court has determined that the Probate Court had jurisdiction over the matter and it affirmed one sanctions order entered by the trial court against Aguilar. This Court has also affirmed Judge Rickhoff's dismissal of the El Paso lawsuit and it remanded the matter to the trial court solely for the purpose of an evidentiary hearing on the sanctions to be imposed on Aguilar for his conduct in filing the El Paso lawsuit, obtaining a default judgment and not being candid with both trial courts. These findings are now the law of the case and cannot be re-litigated. When the sanctions matter was heard, Judge Burwell

29

considered all the evidence and entered an order which explains the basis for the sanctions and properly links Aguilar's misconduct to the sanctions imposed. This Court should affirm the sanctions order in all respects.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellee respectfully requests that the issues presented by Appellant be decided in favor of Appellee, that the Judgment of the trial court be affirmed, that Appellee recover her costs and that she be granted any other relief to which she may be entitled.

Respectfully submitted,

Laura A. Cavaretta
State Bar No. 04022820
William E. Leighner
State Bar No. 24027441

**CAVARETTA, KATONA & FRANCIS, PLLC**
One Riverwalk Place
700 N. St. Mary's Street, Suite 1500
San Antonio, Texas 78205
Telephone: (210) 588-2901
Telecopier: (210) 588-2908
cavarettal@ckl-lawyers.com
leighnerw@ckl-lawyers.com

ATTORNEYS FOR MARGARET ANNE MORALES, INDIVIDUALLY

## CERTIFICATE OF COMPLIANCE

Pursuant to TEX. R. APP P. 9.4 the undersigned counsel certifies that she relied on a word count computer program in preparing this document, that the font size is 14 point, and that this Appellee's Brief complies with TEX. R. APP P. 9.4 in that it contains 15,000 words or less, excluding the items noted in Rule 9.4(i)(1). This Appellee's Brief contains 7,128 words.

_____
Laura A. Cavaretta

## CERTIFICATE OF SERVICE

This is to certify that a correct copy of the above and foregoing has this the 20th day of July, 2014 been forwarded to:

Anthony Cleve Aguilar, *pro se*
11405 North Loop
El Paso, Texas 79927

*via electronic filing service*
*copy by e-mail*
*tonyaguilar@yahoo.com*

_____
Laura A. Cavaretta

# Appendix A



# Fourth Court of Appeals
## San Antonio, Texas

August 21, 2013

No. 04-13-00038-CV

### IN THE ESTATE OF RAMIRO AGUILAR JR., DECEASED,

From the Probate Court No 2, Bexar County, Texas
Trial Court No. 2012-PC-2800
Honorable Tom Rickhoff, Judge Presiding

## ORDER

Pending before the court is appellee's motion to strike appellant's brief and to dismiss the appeal. The issues raised in the motion relating to the probate court's disqualification order have been addressed by this court in *In re Aguilar*, No. 04-13-00425-CV, ___ 2013 WL ___ (Tex. App.—San Antonio Aug. 21, 2013, orig. proceeding). Appellee's motion to strike appellant's brief is GRANTED IN PART. The court strikes the arguments made by appellant as representative of the estate from the brief and considers the issues as being presented by appellant only in his individual capacity. Appellee's motion to dismiss the appeal is DENIED. The orders challenged in this appeal relate to the filing, transfer, and dismissal of the El Paso lawsuits and dispose of all issues in that phase of the proceeding. Therefore, the orders are appealable. *See De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006).

_____
Patricia O. Alvarez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 21st day of August 2013.

_____
Keith E. Hottle
Clerk of Court